UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT

Docket No. 08-7452

| | |
|---|---|
| Vera W. Huang, Yun Chiou Cheng , Substitutes,; Legal Consumer of Citizen of Massachusetts and United States; | ) ) ) ) |
|                               Plaintiffs/counterdefendant | ) |
|   -against- | ) |
| Nancy Van Tine, Burns & Levinson & Robin Lynch, Palm Smith, and parties involved; Robert Muldoon Jr., Shrin & Logen, LLP. George Lordan, | ) ) ) |
|   - against – | ) |
| Dr. Meng Yih Huang, Mina Huang, Leu So Mei and Wen Chin Leu of Chien – Chuen Plastic Co. Ltd, Dr. Marilea K. Miller, Earnest Lin of ATI, Mr. Joseph Paley, Exterminator Hazlewood, | ) ) ) ) |
|   -against- | ) |
| Judge Edward J. Rockett, Judge Sean Duinpy, Judge Spencer Kagan, Judge John Cronin, Judge John – Stevens Jr. III, Judge Mary M. Manzi, Judge Digangi, Judg D. Kerman, Judge Ireland, judge Cordy, Assitant District Attorney John Dawley, Assistant Clerk Ralph Finch, P. Guilmet, Judith Brennan, Kevin Jones, Magistrate Tripe, Magistrate Doris Stenziani, First Supreme Court Clerk Lillian Andruszkiewicz, Clerk Holliey White, Court reporter Joseph Laro, Probate Officer Slivaski, Attorney Arthur Frawley, Rudolf Jaworski, Lisa green burg, Lisa Jacobowitzz, Kim Phelan, Charles Kagan, Middlesex District attorney Judge Mary Anne Sahagian, Magistrate Kim White, Register Pamela O'Brian, Deputy Terri Gasazzo, Probate Officer Steven Sliwoski, Board of Bar Overseer Chairman Alan Rose Bar Counsel Constance Vecchione, Retirement Administrator William V. Clifford of Beacon Benefit Inc. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|   -against – | ) |
| Essex County – Secretary of the treasury- Salem Probate And Family Court, Salem District Court, Salem Superior Court. Town of North Andover. Middlesex County – Secretary of the treasury- City of Lowell, Health department agent, Inspector Robert Foley, Inspector Bernard Clancy; Northeast Housing Court, Massachusetts Bar Association, Bar Overseers, Chair man and Bar Counsel and members involved. Salem and Boston Bar | ) ) ) ) ) ) ) ) ) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/11

1

```
Massachusetts Judicial Conduct Commission- member involved.)
Chief justice M. Marshall of Massachusetts Supreme Court    )
Massachusetts Attorney General, State of Ma                 )
Massachusetts political entities involved; United States;   )
Judge J. Taruo and Judge M. Wolf;                           )
Boston U.S. District Attorney, Boston District Court;       )
Above all know or unknow defendants in their official and   )
Individual Capacities,A-Z insurance company and John and Jane)
 Doe defendants                                             )
```

PLAINTIFF FURTHER MOVE TO AMEND 1/28/11 JUDGMENTS
FOR NEW TRIAL UNDER FED. CIV. R. P.49; 50(c); & 60 (a)(b);
RELIEF JUDGMENT AS MATTER OF THE LAW
FOR INSUFFICIENCY OF EVIDENCE BY DISABILITY AND
INSUFFICIENCY OF COUNSEL RESTRICTED BY DEFENDANTS;
AFFIRMATIVE ACT FOR DECLARTORY RELIEF AND INJUNCTION
UNDER 10(J) OF THE LABOR RELATIONS MANAGEMENT ACT;
WITH SANCTION AGAINST DEFENDANTS BY NLRB GENERAL COUNSEL;
INVESTIGATION, PROSECUTION WITH ALJ FOR FURTHER ACTIONS WITH
PARTIES IN INTERESTS.

I, Vera Huang state under the oath following are true as much as I acknowledge as true under the penalty of perjury;

1. Addition to 2/11/11 motion for affirmative act, plaintiff further move to amend 1/28/11 judgment, move to further amend for new trial under Fed. Civ. R. P. 49, 50, &60 (a)(b) for conditional ruling from NLR/B Board delegate to general counsel issue immediate injunction of unfair labor practice bring the case to ALJ for separate meetings, pretrial confrence and discovery of whether defendants violated 8(a)(1) and (3) of the act by not reinstate the strickers. Overstreet v. El Paso Disposal, L.P. No. 09-51006, ( 5th Cir. 2010).

2. <u>Domnister v. Eclusive Ambulette Inc. YMF, No. 08-4387, (2nd. Cir. 2010)</u>; Plaintiffs' federal complaint raised six claims: one claim alleging that their union failed to fairly represent them (Claim I), two claims of national origin discrimination under state law and city law (Claims III and V), two claims of retaliation under state law and city law (Claims IV and VI), and one claim of retaliation under the <u>National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et. seq.</u> (Claim II).

3. <u>Schock v. US No. 00-2514, (1st. Cir. 2001)</u>; Where the district court faces a novel question of law, and in fact errs in deciding the issue, <u>the government agent's litigation position</u> is <u>not substantially unjustified for purposes</u> of the Equal Acces to Justice Act, 28 USC 2412(d)(1)(A).

4. Judicial system is maintain by Attorneys, Judges and Clerks, whether this judicial system is tented with fraud, and conspiracy in illegal practice which violated the Labor Relations Management Act; which restrained my right to hire a conflict free legal service and access to Justice.

5. <u>VRV DEV. L.P. V. MID-CONTINENT CAS. CO. NO. 10-10123, ( 5TH CIR. 2011)</u>: In an action based on defendant insurer's refusal to

3

defend and indemnify plaintiffs in an underlying lawsuit in Texas state court, summary judgment for defendant is affirmed where the underlying lawsuit did not allege a covered occurrence of property damage within the effective period of the policies at issue.

6. <u>Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.</u> No. 10-1091, ( Fed. Cir. 2011); In a patent owner's malpractice action against a law firm, arising from an underlying patent infringement litigation involving patents directed to lacrosse sticks and heads, district court's dismissal of the suit for lack of jurisdiction is vacated and remanded as, because at least one of plaintiff's malpractice claims requires the court to resolve a substantive issue of patent law, 28 U.S.C. section 1338, which grants district courts exclusive jurisdiction over cases arising under a statute relating to patents, invests the district court with subject matter jurisdiction over the plaintiff's claims in this case.

7. <u>Mac's Shell Serv. Inc. v. Shell Oil Prods. Co.</u> No. 08-240, ( US Supreme Court 2010); For the reasons stated, we affirm the judgment of the District Court. However, the court of appeals' order is reversed in part where a franchisee cannot recover for constructive termination under the Act if the franchisor's allegedly wrongful conduct did not compel the franchisee to abandon its franchise.

8. <u>Ajaxo Inc. v. ETrade Fin. Gorp. No. H033631, ( Cal.App. 2010);</u> n plaintiff's suit against E*Trade Financial Corporation (E*Trade) for misappropriation of trade secrets under the <u>California Uniform Trade Secret Act</u>, trial court's denial of plaintiff's request for award of reasonable royalties is reversed and remanded where: 1) given the jury's finding that E*Trade did not profit from its misappropriation of trade secrets, unjust enrichment is not "provable" within the meaning of section 3426.3; 2) since E*Trade had consistently and successfully taken the position that plaintiff's actual losses are not provable, E*Trade is estopped from arguing otherwise now; and 3) <u>because neither actual loss nor unjust enrichment is provable, the trial court had discretion pursuant to section 3426.3(b) to order payment of a reasonable royalty.</u>

9. <u>-Pass Technologies Inc. v. Mowew & Singer LLP No. A127025, ( Cal. App. 2010);</u> In plaintiff's suit for legal malpractice against defendant law firm, arising from a prior representation involving plaintiff's action against certain manufacturers and users of personal digital assistance devices (PDAs) for allegedly infringing its '311 patent, trial court's judgment sustaining of a demurrer in favor of defendants is reversed

10. <u>Whitlock v. Mac – Gray Inc. No. 02-2568, (1st Cir. 02-2568, (1st Cir. 2003)</u>; Summary judgment on ADA claims of workplace discrimination and hostile and abusive work environment is affirmed where <u>plaintiff failed to proffer evidence that he suffered</u> an impairment that substantially restricted his ability to perform a whole range of comparable jobs, or that <u>employer regarded him as having such an impairment.</u>

11. <u>Braun v. Ann Arbor Charter Township, No. 07-1370, (6th Cir. 2008)</u>; In a <u>Takings Clause and Due Process</u> case brought by landowners who sought to rezone their farmland for a trailer park and other residential development. (1) deprivation of procedural due process; (2) deprivation of substantive due process; (3) violation of their equal protection rights; (4) violation of the Takings Clause; and (5) a violation of 42 U.S.C. § 1983. <u>DLX v. Kentucky, 381 F.3d 511 (6th Cir.2004)</u>, where we held that <u>a takings claim was ripe for review despite the fact that the state courts had not reached the merits because the state's procedural rules foreclosed any possibility of a remedy.</u>

12. <u>Guardianship of Ann S. No. S143723, (Cal. Supreme Ct. 2009)</u>: In an action involving the termination of parental rights, judgment of Court of Appeals is affirmed where **Probate Code section 1516.5 is facially**

**constitutional** and does not violate due process, as a finding of current parental unfitness is not always necessary when a court terminates parental rights. We hold that section 1516.5 is facially constitutional. Generally, **due process requires some showing of parental unfitness before rights are terminated, <u>to protect the parent's fundamental interest in child custod.</u>**

13. <u>Allen v. US Air Force, No. 08-3450, (8th Cir. 2009); 28 U.S.c. 1331;</u> gives federal courts original jurisdiction over all civil action arising under the constitution, laws, or treaties of the United States; Collateral relief was possible if the judgment were void, and fundamental defect.

14. <u>State of Texas v. K.E.W. No. 09-0236, ( Texas Supreme Court 2010);</u> Court of appeals' reversal of trial court's order requiring a mentally ill person to undergo temporary inpatient mental health services for ninety days is reversed as the evidence was legally sufficient to support the trial court's order.

15. <u>In re Michelle C. D044991, ( Cal. App. 2005);</u> The trial court violated plaintiff-mother's constitutional rights by terminating her parental rights at a hearing at which neither she nor her attorney were present.

16. <u>In re Michelle J. No. 95927, ( Ill. Supreme Cr. 2004);</u> In a hearing on involuntary admission of a mental patient, an order extending the

7

commitment is reversed where the statutory requirement of testimony from an expert who had personally examined the patient had not been met because the expert witness had never been directly involved in the patient's treatment and had not met with him personally for purposes of the hearing.

17. Rio Grande Royalty Co. v. Energy Transfer Ptnrs, L.P. No. 09-20607, (5th Cir. 2010); In an action contending that defendants committed common law fraud by truthfully reporting natural gas transactions that, because of the defendants' alleged monopolization of the Houston spot market, served to lower prices artificially on long-term contracts, dismissal of the action is affirmed where defendants' alleged conduct did not amount to common law fraud. Claim fraud by omission, silence may be equivalent to a false representation except confidential or fiduciary relation;

18. Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex P.A/ No. 09-2658, (7th Cir. 2010); In plaintiff's suit claiming that defendant violated the federal anti-cybersquatting statute by registering a domain name confusingly similar to plaintiff's registered trademark, district court's dismissal of the suit for lack of personal jurisdiction is affirmed where: 1) defendant did not waive its

personal jurisdiction defense by <u>asking to delay a preliminary injunction hearing</u> or by asking for <u>expedited discovery to prepare for that hearing</u>; and 2) defendant lacked the required "<u>minimum contacts</u>" with Illinois to support personal jurisdiction there, as defendant's contacts are not sufficient to establish that defendant's <u>activities in Texas were calculated to cause harm in Illinois.</u>

<u>Therefore,</u> Plaintiff, further move to amend 1/28/11 judgments for new trial under Fed. Civ. R. P. 49, 50(c); & 60(a)(b); Relief Judgment as matter of the law for insufficiency of evidence by disability and insufficiency of counsel restricted by defendants; affirmative act for declaratory relief and injunction under 10(j) of the Labor relations Management act; with santion against defendants by NLRB general counsel; Investigation Prosecution with ALJ for further actions with parties in interest.

BY Vera W. Huang
52-38A 72 St. 1st Floor.
Maspeth New York 11378
Tel: 212-729-3147  Date: Feb.14, 2011

9

EFFIDAVIT OF SERVICE;

I, Vera W. Huang state under the oath that I will e-mail following parties for above motion on Feb. 14 2011.

1. Attorney Miller Jennifer G. Attorney Douglas Martland; Douglas.Martland@state.ma.us

2. Attorney Palmer, Scott Thomas, Tel: 202-307-6299. E-Mail: Scott.Palmer@usdoj.gov.

3. Attorney Koski Katye Shrin & Lodgen LLP 101 Federal Street., Boston Ma 02110; kekoski@sherin.com

4. Attorney George Deptula 75 Federal St. Suit 900, Boston Ma 02110. Tel: 617-912-5140, GDEPTULA@FGD-LAW.COM.

5. Director of OFCCP, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

6. Michele Hodge, Acting Regional Director 201 Varick Street, Room 750 New York, NY 10014, (646) 264-3170 (646) 264-3009 (Fax) E-Mail: (OFCCP-NE-PreAward@dol.gov).

7. US Attorney Holder: Address on filed.

*Vera Huang* (signature)